```
          IN THE UNITED STATES DISTRICT COURT
          FOR THE MIDDLE DISTRICT OF GEORGIA
                   COLUMBUS DIVISION
```

| | |
|---|---|
| JOEY DIXON, | * |
|     Plaintiff, | * |
| vs. | *  CASE NO. 4:24-CV-52 (CDL) |
| BLAKE SHIVER, *et al.*, | * |
|     Defendants. | * |

O R D E R

Plaintiff alleges that two Troup County-based Georgia State Troopers falsely arrested him in Troup County. Troup County is in the Northern District of Georgia. 28 U.S.C. § 90(a)(4). Under the federal venue statute, venue is proper in a judicial district where a defendant resides or where a substantial part of the events giving rise to the claim occurred. 28 U.S.C. § 1391(b). Columbus is in the Middle District, 28 U.S.C. § 90(b)(3), and Plaintiff did not allege any facts to suggest that venue is proper in this Court. Plaintiff also did not pay the filing fee or file a motion to proceed in forma pauperis. And he appears to have intended to file this action in the Northern District. *See* Compl. 1, ECF No. 1 (stating that this action is in the "Northern District of Georgia, Columbus Division"). Under these circumstances, the Court finds that this action should be dismissed without prejudice; the interest of justice does not support transfer to the Northern

District.  *See* 28 U.S.C. § 1406(a) (stating that a "district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss" unless it is in the interest of justice to transfer the action).  Plaintiff may refile this action in the Northern District.

    IT IS SO ORDERED, this 19th day of April, 2024.

                                      s/Clay D. Land  
                                      CLAY D. LAND  
                                      U.S. DISTRICT COURT JUDGE  
                                      MIDDLE DISTRICT OF GEORGIA